# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**EDDIE LEE WALKER** | **CRIMINAL ACTION NO. 07-38-2** |
| **EDDIE LEE WALKER**<br><br>v.<br><br>**UNITED STATES OF AMERICA** | **CIVIL ACTION NO. 17-2091** |

## MEMORANDUM AND ORDER

**Baylson, J.**                                                                                                  **September 21, 2018**

Defendant Eddie Lee Walker was convicted by a jury of serious drug offenses and received a lengthy prison sentence in 2011, totaling 480 months (a guideline sentence). The judgment of sentence was affirmed on direct appeal, 3d Cir. No. 11-2727. A petition for certiorari to the United States Supreme Court was denied as of January 27, 2014.

Defendant filed a timely Motion under 18 U.S.C. § 2255 to Vacate, Correct or Set Aside a sentence on February 13, 2015 (ECF 1015). The Government filed its response on January 21, 2016 (ECF 1038).

## I. Summary of Prior Proceedings

The Court previously summarized the procedural history of the § 2255 motion at issue in a Memorandum and Order issued on April 27, 2018 (ECF 1108). It is unnecessary to repeat that record in detail here. In brief, the Petition for Relief at issue here centered primarily on a claim that Mr. Walker's trial counsel, Mr. Donatoni, was incompetent. The Court held an evidentiary

hearing on July 21, 2016, at which Christopher Warren, Esquire represented Mr. Walker, and ultimately concluded that Mr. Donatoni was not ineffective in his representation of Mr. Walker at trial. The Government raised another issue in its response to the §2255 Petition, however, asserting that Mr. Walker was entitled to a sentence correction on certain counts. The correction involved vacating Mr. Walker's sentence and resentencing him to a lesser amount of prison time on certain counts, to run concurrent with the original sentence of 480 months on other counts. The Court did not address this issue at the July 21, 2016 evidentiary hearing, but instead reconvened the following day, July 22, 2016, and agreed to make the proposed changes to Mr. Walker's sentence. The Court issued an order to this effect on July 22, 2016 (ECF 1057).

The Court correctly denied Mr. Walker's claim regarding the competency of his trial counsel on the §2255 motion, and also correctly denied a certificate of appealability as to that issue. An outstanding question remains, however, as to whether Mr. Walker had a right to appeal from the sentence correction, even though there was no change in the maximum sentence.

In a subsequent §2255 petition, which was filed on May 2, 2017 (ECF 1076), Mr. Walker asserts that he told his retained counsel, Christopher Warren, Esquire, that he intended to appeal. He asserts that members of his family also told Mr. Warren that he intended to appeal. He asserts Mr. Warren's failure to file an appeal violated his 6th Amendment right to counsel, and that Mr. Warren was therefore ineffective. Per the Court's request, Mr. Warren submitted a letter dated January 26, 2018, docketed at ECF 1105, recounting his conversations with Mr. Walker and his family on July 21 or July 22, 2016 about any further representation.[1] This letter indicates that Mr. Warren gave advice to his client and his family that there was no chance of success as to appealability of this Court's ruling on the competency of counsel issue.

---

[1] As Mr. Warren had retired and left the Philadelphia area, a letter from him was the most expeditious way of getting his timely recollection of the evens on this record. Mr. Warren recently died.

The Court appointed Sandra Gafni, Esquire, to represent Mr. Walker on his most recently filed § 2255 petition. The primary issue is whether the change made to Mr. Walker's sentence permits him to file an additional §2255 petition, and in the alternative, whether Mr. Walker should be permitted to take an appeal to the Court's correction of sentence.

II. **Viability of Mr. Walker's May 2, 2017 Habeas Petition**

28 U.S.C. § 2244(b)(1) and (2) dictate that any claim "presented in a second or successive habeas corpus application" be dismissed, except in limited circumstances which are not implicated here. The question, then, is whether Mr. Walker's May 2, 2017 § 2255 petition constituted a "second or successive" such petition and whether it must therefore be dismissed.

Magwood v. Patterson, 561 U.S. 320 (2010) held that Section 2244(b) does not preclude a habeas petitioner from challenging, for the first time, a new judgment rendered in the period of time between two habeas applications.[2] Because such a challenge addresses a new judgment for the first time it is not "second or successive" and therefore not prohibited by Section 2244(b). If the change to Mr. Walker's sentence pursuant to this Court's order on July 22, 2016 constituted a "new judgment" then Mr. Walker's May 2, 2017 habeas petition would not be barred as "second or successive."

There is no controlling precedent in the Third Circuit on the specific question of whether a sentence correction in response to a habeas petition constitutes a "new judgment" under Magwood, such that a subsequent habeas petition would not be precluded as "second or successive." In a non-precedential opinion, the Third Circuit held that "where a first habeas

---

[2] The extent to which the law permits prisoners to use the writ of habeas corpus to seek redress for constitutional violations that occur in the course of state collateral review is addressed by Mira Baylson, Esquire in "The Constitution Offers No Protection without Recourse to a Remedy: Why Constitutional Errors in a Postconviction Proceeding Should Be Cognizable in a Petition for Habeas Corpus," *Journal of Constitutional Law* 10, no. 5 (June 2008): 1263-1284, https://scholarship.law.upenn.edu/cgi/viewcontent.cgi?article=1226&context=jcl. Mira Baylson, Esquire is the undersigned's daughter.

petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the conviction, the sentence, or both." In re Brown, 594 Fed. Appx. 726, 729 (3d Cir. 2014). The primary focus of In re Brown was that courts should look to which judgment a habeas petition is attacking in evaluating whether the petition is initial or successive, rather than looking to the nature of the claim being asserted. However, the primary issue here is simply whether or not a sentence correction is an "amended judgment" at all. Importantly, though, the Third Circuit in In re Brown characterized the resentencing hearing that occurred in the time between the filing of the two habeas petitions at issue as "more than a mechanical correction of the docket," and as such, found this hearing to constitute an "intervening judgment." Id., 594 Fed. Appx. at 729.[3]

The change made to Mr. Walker's sentence on July 22, 2016 was not a resentencing. Rather, it was a simple correction that was completed in a matter of minutes, and amounted to no more than "a mechanical correction of the docket." Mr. Walker's sentence did not change on July 22, 2016, as the maximum sentence of 480 months was untouched by the correction that was ordered. The Court simply vacated and corrected the sentence on only select charges, imposing on these charges a *lower* sentence than originally imposed. The maximum 480 month sentence originally imposed on the other charges was left intact. By running the corrected sentences concurrent with the unchanged sentence of 480 months on the other charges, the Court left the original sentence completely unchanged. Mr. Walker was subject to a 480 month sentence prior to July 22, 2016, and he remained subject to a 480 month sentence following the Court's order on that date.

---

[3] The Court is unpersuaded by Mr. Walker's citations to United States v. Hadden, 475 F.3d 652 (4th Cir. 2007), and Ajan v. United States, 731 F.3d 629 (6th Cir. 2013), and does not find these cases to be directly relevant on the issue presented here.

As the Government correctly points out in its Memorandum, this Court has discretion under Section 2255, when it determines that the sentence imposed in a particular case was not authorized by law, to resentence *or* correct the sentence (among other possibilities), as this Court deems appropriate. Mr. Walker's sentence was corrected; he was not given a full resentencing. Mr. Walker's sentence correction was not a "new judgment." His May 2, 2017 habeas petition must therefore be dismissed under Section 2244(b) as "second or successive."

### III. Nunc Pro Tunc Appeal

The issue still remains as to whether Mr. Walker should be permitted to appeal nunc pro tunc to the date of the Court's Order making his sentence correction, which was July 22, 2016. As recounted above, Mr. Walker asserts that he indicated his intent to appeal to his attorney, Mr. Warren, on July 22, 2106, the day this Court ordered the change to his sentence. Mr. Warren and Mr. Walker apparently had different perceptions of their conversation regarding a potential appeal. Moreover, Mr. Walker's mother, Mary Nixon, requested to Mr. Warren that he file an appeal on behalf of her son. Mr. Warren did not file an appeal or a notice of appeal. As stated in this Court's previous Memorandum on this issue, this Court failed to advise Mr. Walker of his right to appeal his sentence correction on July 22, 2016. This was error.

The Court will permit Mr. Walker to appeal nunc pro tunc to the day of the order altering his sentence, July 22, 2016. The appeal must be limited to the issue of Mr. Walker's sentence correction.

### ORDER

For the reasons stated above, it is **ORDERED** that Mr. Walker is permitted to appeal his sentence correction, nunc pro tunc to July 22, 2016. Sandra Gafni, Esquire is appointed to continue her representation of Mr. Walker pursuant to the CJA.

**BY THE COURT:**

/s/ Michael M. Baylson

**MICHAEL M. BAYLSON**
**United States District Court Judge**

O:\Christina.2017\Eddie Lee Walker\07cr38-2 draft memo on motion to vacate.docx